# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

VENTURA SUPERIOR COURT
**FILED**
FEB 23 2017
MICHAEL D. PLANET
Executive Officer and Clerk
BY: DEBRA RAMOS, Deputy

**NOTICE TO DEFENDANT:** City of Ventura, American Medical Response,
*(AVISO AL DEMANDADO):* Clinicas Del Camino Real, Inc., Dr. Shadi Khatib,
Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents

OCT 31 2017

**YOU ARE BEING SUED BY PLAINTIFF:** Jessika Valenzuela & Eduardo
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Ramirez, Jr.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
800 S. VICTORIA AVENUE
P.O. BOX 6489
VENTURA, CA 93009

**CASE NUMBER:** 56-2017-00493194-CU-PO-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Angela D. Quintero; SB 219594          805-654-1292          805-654-1908 fax
The Law Offices of Angela D. Quintero
840 County Square Dr. Suite 215
Ventura, CA 93003

DATE: 2-23-2017                    Michael D Planet Clerk, by DEBRA RAMOS, Deputy
*(Fecha)* FEB 2 3 2017              *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Clinicas Del Camino Real, Inc

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):* Business Entity
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>Angela Quintero; SB 219594<br>The Law Offices of Angela Quintero<br>840 County Square Dr, Suite 215<br>Ventura, CA 93003<br>TELEPHONE NO: 805-654-1292     FAX NO. *(Optional)*: 805-654-1908<br>E-MAIL ADDRESS *(Optional)*: acurtislaw@gmail.com<br>ATTORNEY FOR *(Name)*: Jessika Valenzuela | FOR COURT USE ONLY<br><br>VENTURA<br>SUPERIOR COURT<br>FILED<br>FEB 23 2017<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>by: DEBRA RAMOS, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. VICTORIA AVENUE
MAILING ADDRESS: P.O. BOX 6489
CITY AND ZIP CODE: VENTURA, CA 93009
BRANCH NAME: HALL OF JUSTICE

PLAINTIFF: Jessika Valenzuela & Eduardo Ramirez

DEFENDANT: City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents

[X] DOES 1 TO 25

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE           [ ] OTHER *(specify)*:
  [ ] Property Damage       [X] Wrongful Death of Gabriel R. Ramirez
  [X] Personal Injury       [X] Other Damages *(specify)*:

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | 56-2017-00493194-CU-PO-VTA |

1. Plaintiff *(name or names)*: Jessika Valenzuela & Eduardo Ramirez
   alleges causes of action against defendant *(name or names)*: City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Legal Solutions Plus

Code of Civil Procedure, § 425.12

EXHIBIT A

| SHORT TITLE: Valenzuela & Ramirez vs. City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)*: City of Ventura on behalf of Ventura Police Department
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☒ a public entity *(describe)*: City of Ventura
      (5) ☐ other *(specify)*:

   b. ☒ except defendant *(name)*: American Medical Response, Inc.
      (1) ☒ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   c. ☒ except defendant *(name)*: Clinicas Del Camino Real, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☒ except defendant *(name)*: UCLA, University of California, Board of Regents
      (1) ☒ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: 1-20 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: 21-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev. January 1, 2007]  COMPLAINT—Personal Injury, Property Damage, Wrongful Death  Page 2 of 3

006

EXHIBIT A

PLD-PI-001

| SHORT TITLE: Valenzuela & Ramirez vs. City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. [ ] Motor Vehicle
    b. [x] General Negligence
    c. [ ] Intentional Tort
    d. [ ] Products Liability
    e. [ ] Premises Liability
    f. [x] Other (specify): Wrongful Death of Gabriel Ramirez, Medical Malpractice, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Plaintiffs reserve the right to amend this complaint to include additional causes of action.

11. Plaintiff has suffered
    a. [x] wage loss
    b. [ ] loss of use of property
    c. [x] hospital and medical expenses
    d. [x] general damage
    e. [ ] property damage
    f. [ ] loss of earning capacity
    g. [x] other damage (specify): Non-economic damages for pain and suffering, as well as loss of companionship and love of decedent child. Funeral expenses, Burial Expenses. Plaintiffs reserve the right to amend this complaint to include additional damages.

12. [x] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [ ] listed in Attachment 12.
    b. [x] as follows:
    Economic and Non-economic damages for pain and suffering, as well as loss of companionship and love of decedent child.

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) [x] compensatory damages
       (2) [x] punitive damages
    The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) [x] according to proof
       (2) [x] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: 2-23-2017

Angela D. Quintero, Attorney for Plaintiffs
(TYPE OR PRINT NAME)

▶ /s/ Angela D. Quintero
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Page 3 of 3

PLD-PI-001 [Rev. January 1, 2007]          COMPLAINT—Personal Injury, Property Damage, Wrongful Death

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Angela Quintero; SB 219594<br>The Law Offices of Angela Quintero<br>840 County Square Dr. Suite 215<br>Ventura, CA 93003<br>TELEPHONE NO.: 805-654-1292   FAX NO.: 805-654-1908<br>ATTORNEY FOR *(Name):* Jessika Valenzuela | FOR COURT USE ONLY<br><br>VENTURA<br>SUPERIOR COURT<br>FILED<br>FEB 23 2017<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____, Deputy<br>DEBRA RAMOS |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>STREET ADDRESS: 800 S. VICTORIA AVENUE<br>MAILING ADDRESS: P.O. BOX 6489<br>CITY AND ZIP CODE: VENTURA, CA 93009<br>BRANCH NAME: HALL OF JUSTICE | |
| CASE NAME: Valenzuela & Ramirez vs. City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harako, M.D., FAAP, FACC, University of California UCLA. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | 56-2017-00493194-CU-PO-VTA |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [X] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 4 - Wrongful Death, Medical Malpractice, Intentional & Negligent Infliction of Emotional Distress
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 2-23-2017

Angela Quintero; SB 219594
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   CIVIL CASE COVER SHEET   Legal Solutions ® Plus   Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Judicial Council of California                                                          Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]

EXHIBIT A

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]     CIVIL CASE COVER SHEET     Page 2 of 2

EXHIBIT A

PLD-PI-001(2)

| SHORT TITLE: Valenzuela & Ramirez vs.City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents | CASE NUMBER: |
|---|---|

FIRST _____ CAUSE OF ACTION—General Negligence      Page _____
(number)

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name):* Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents

[x] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 11/23/2015 as to Dr. Harake, Dr. Khatib, Clinicas, UCLA, & 11/30/15 as to ALL
at *(place):* Oxnard, CA & Port Hueneme, CA
resulting in death that occurred in Ventura, CA
*(description of reasons for liability):*

I. Negligence:

Defendants owed a Duty of Care to Plaintiffs and their child, a patient of Defendants'.
Defendants breached that duty owed to Gabriel Ramirez, deceased.
Defendants' recklessness was a direct cause of death to Gabriel Ramirez.
Plaintiffs have suffered damages as a result of the breach of duty owed by Defendants in an amount to be determined.

Plaintiffs took their 2 months old son, Gabriel Ramirez to Dr. Bilal Harake, Pediatric Cardiologist and an Employee of UCLA Hospital, for a follow up visit on 11/23/2015. On 10/12/2015, Dr. Harake told the plaintiffs that the baby's heart looked "beautiful" and the holes in his heart were closing beautifully, to return on 11/23/2015. At the follow up visit on 11/23/2015 at 10:45 am, Dr. Harake again expressed his happiness that baby Gabriel's heart looked "beautiful" and the hole he was born with had healed. Plaintiffs expressed concern over baby Gabriel's congestion he appeared to have. Dr. Harake indicated that it looks like the baby has "pink eye" and instructed them to take the baby to his pediatrician, but not to worry about anything serious. Dr. Harake did not do a chest XRay, blood work or urine testing on baby Gabriel.

On 11/23/2015 at 12:57 pm, Dr. Khatib at Clinicas Del Camino Real Marvilla, assessed Gabriel Ramirez and diagnosed him with "ACUTE UPPER RESPIRATORY INFECTION & CONJUNCTIVITIS". Dr. Khatib recommended that the plaintiffs put their son in a steamy shower to treat his respiratory infection. Plaintiffs informed Dr. Khatib that they were concerned because their older son (a toddler) was sick and that the baby had not had any of his immunizations yet. Dr. Khatib recklessly disregarded their concerns & went on to the next patient. Dr. Khatib did not take any XRAYs, blood work or urine of baby Gabriel. Baby Gabriel died of a bacterial infection that could've been resolved with antibiotics.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal Solutions Plus

Code of Civil Procedure 425.12

EXHIBIT A

PLD-PI-001(2)

| SHORT TITLE: Valenzuela & Ramirez vs.City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents | CASE NUMBER: |
|---|---|

SECOND _____ CAUSE OF ACTION—General Negligence    Page _____
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name)*: Clinicas Del Camino Real, Inc.,
Dr. Shadi Khatib,
Dr. Bilal Harake, M.D., FAAP, FACC,
University of California UCLA, Board of Regents

[X] Does 1____ to 25____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: 11/30/2015
at *(place)*: Ventura, CA

*(description of reasons for liability)*:
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

Plaintiffs claim that defendants' conduct caused them to suffer serious emotional distress.

1. That Dr. Khatib, all nursing staff of Clinicas on duty on 11/23/2015 between 1-3pm who provided treatment to Gabriel Ramirez and Dr. Harake & his nursing staff were negligent;

2. That Jessika Valenzuela and Eduardo Ramirez suffered serious emotional distress; and

3. That Defendants' negligence was a substantial factor in causing Plaintiffs' serious emotional distress.

Emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it. Dealing with an unexpected, sudden and PREVENTABLE death of their newborn child has resulted in serious emotional distress to the plaintiffs.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
CAUSE OF ACTION—General Negligence
Legal Solutions Plus
Code of Civil Procedure 425.12

011

EXHIBIT A

PLD-PI-001(2)

| SHORT TITLE: Valenzuela & Ramirez vs. City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc. | CASE NUMBER: |
|---|---|

THIRD **CAUSE OF ACTION—General Negligence** Page _____
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name)*: City of Ventura, American Medical Response

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: 11/30/2015
at *(place)*: VENTURA, CA

*(description of reasons for liability)*:
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

Plaintiffs claim that defendants' onduct caused them to suffer serious emotional distress.

1. That on 11/30/2015, Ventura Police Department Officers responding to the scene at 10550 Loma Vista Road, Ventura, CA and AMR Ambulance Service Paramedics were negligent in refusing to allow a known relative or parent travel with baby Gabriel Ramirez to the hospital prior to his death or follow behind the ambulance to be with Gabriel prior to his passing; By detaining all witnesses present, including the plaintiffs, despite pleas of the relatives to allow someone to be with baby Gabriel, VPD officers and ambulance personnel refused to allow any other adults to be present with baby Gabriel. Despite plaintiffs offering to give statements and the hospital and begging VPD officers to allow them to be with their newborn baby, they were denied the opportunity to do so. By the time that plaintiffs were released from police interviews, baby Gabriel was dead.

2. That Jessika Valenzuela and Eduardo Ramirez suffered serious emotional distress; and

3. That Defendants' negligence was a substantial factor in causing Plaintiffs' serious emotional distress.

Emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it. Enduring the grief and mental anguish of their baby being alone when he died, without his mother or father allowed to be with him, resulted in extreme emotional distress to both plaintiffs.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
CAUSE OF ACTION—General Negligence
Legal Solutions Plus
Code of Civil Procedure 425.12

012

EXHIBIT A

PLD-PI-001(2)

| SHORT TITLE: Valenzuela & Ramirez vs.City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc.; Dr. Shadi Khatib, Dr. Bilalal Harake, MD, FAAP, FACC, University of California UCLA Board of Regents | CASE NUMBER: |
|---|---|

FOURTH _____ CAUSE OF ACTION—General Negligence    Page _____
(number)
ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name)*: Dr. Bilal Harake, M.D., FAAP, FACC; University of California UCLA Board of Regents

[x] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:
at *(place)*:

*(description of reasons for liability)*:
MEDICAL MALPRACTICE

Dr. Bilal Harake, M.D., FAAP, FACC; through the University of California UCLA Board of Regents and their nurses were negligent when he/they failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful pediatric cardiologists would use in the same or similar circumstances. He failed to adhere to a reasonable standard of care in his profession.

Other physicians in his same position would have ordered a blood draw, a urine sample and a chest XRay in the same or similar circumstances, as will be established by the expert witnesses who will testify in this case.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal Solutions Plus

Code of Civil Procedure 425.12

013

EXHIBIT A

PLD-PI-001(2)

| SHORT TITLE: Valenzuela & Ramirez vs.City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc. | CASE NUMBER: |
|---|---|

__FIFTH_____    CAUSE OF ACTION—General Negligence    Page _____
  (number)
ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name)*:   Dr. Shadi Khatib, Clinicas Del Camino Real Marvilla

[x] Does _____ to 25_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:   11/23/2015 and 11/30/2015
at *(place)*:   Oxnard, California (11/23/2015) resulting in the death in Ventura, Ca on 11/30/2015

*(description of reasons for liability)*:
MEDICAL MALPRACTICE

Dr. Shadi Khatib was negligent when he failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful pediatricians or general medical doctors would use in the same or similar circumstances. He failed to adhere to a reasonable standard of care in his profession.

Other physicians in his same position would have ordered a blood draw, a urine sample and a chest XRay in the same or similar circumstances, as will be established by the expert witnesses who will testify in this case.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal
Solutions
Plus

Code of Civil Procedure 425.12

014

EXHIBIT A

PLD-PI-001(3)

| SHORT TITLE: Valenzuela & Ramirez vs. City of Ventura, American Medical Response, Clinicas Del Camino Real, Inc., Dr. Shadi Khatib, Dr. Bilal Harake, M.D., FAAP, FACC, University of California UCLA, Board of Regents | CASE NUMBER |
|---|---|

SIXTH CAUSE OF ACTION—Intentional Tort       Page _____
(number)

ATTACHMENT TO  [x] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Jessika Valenzuela & Eduardo Ramirez

alleges that defendant *(name)*: City of Ventura, American Medical Response

[x] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 11-30-2015
at *(place)*: Ventura, California

*(description of reasons for liability)*:
Plaintiffs claim that Ventura Police Department Police Officers' & AMR's conduct caused them to suffer severe emotional distress.
1. That Defendants' conduct was outrageous;
2. That the Officers responding intended to cause plaintiffs emotional distress;
or That Defendants' agents acted with reckless disregard of the probability that the Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the conduct occurred;
3. That Jessika Valenzuela and Eduardo Ramirez suffered severe emotional distress; and
4. That Defendants' conduct was a substantial factor in causing Plaintiff severe emotional distress.

On 11/30/2015, Plaintiffs' witnesses dialed 911 requesting an ambulance to 10550 Loma Vista Road, Ventura, CA because baby Gabriel Ramirez had stopped breathing. Paramedics arrived 30 minutes later. Ventura Police Department officers arrived & detained both Plaintiffs for questioning. Plaintiffs agreed to cooperate with the investigation but asked permission for one relative of the baby's to ride with the baby in the ambulance. VPD Officers refused to allow anyone to accompany the baby the hospital & detained everyone for questioning. VPD officers refused to allow the parents to leave and follow the ambulance, requiring them to remain at the house for questioning for an additional 30 minutes. Baby Gabriel Ramirez (age 2 months), died alone at the hospital without his parents being allowed to be there with him when he died. This has resulted in extreme emotional trauma and distress on both parents.

Despite the parents telling the officers that the baby had been sick, officers insisted that the parents possibly suffocated the baby and made traumatic allegations against the plaintiffs. Gabriel Ramirez's cause of death was ruled to be ACUTE BRONCHOPNEUMONIA, Sepsis and Haemophilus Influenzae.

Plaintiffs allege that Defendants engaged in wreckless conduct by:
1. Having a Duty to respond timely and Failing to respond timely to an emergency situation
2. Drafted false reports regarding their response time
3. Engaged in Negligent Infliction of Emotional Distress by refusing to allow a family member to accompany Baby Gabriel to the hospital, having a reckless disregard for the trauma caused to plaintiffs by their actions.
4. Engaged in Negligent Infliction of Emotional Distress by questioning the parents as to their culpability in the death of their newborn.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Intentional Tort


Legal Solutions Ca Plus

Code of Civil Procedure, § 425.12

EXHIBIT A