RECEIVED MAR 06 2018

Thomas G. Adams SBN 270808
Adams & Associates
5425 Everglades St.
Ventura, CA 93003
Tel: (805) 229-1529
Fax: (805) 644-7390
E-mail: thomasgadams@gmail.com

Attorney for Plaintiffs Jessika Valenzuela & Eduardo Ramirez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY VENTURA**

Jessika Valenzuela & Eduardo Ramirez

Plaintiffs

v.

City of San Buenaventura (erroneously sued as City of Ventura); American Medical Response; Clinicas Del Camino Real, Inc.; Dr. Shadi Khatib; Dr. Bilal Harake M.D., FAAP, FACC; University of California UCLA, Board of Regents; Does 1-25, inclusive,

Defendants.

CASE NO.: 56-2017-00493194-CU-PO-VTA

**SECOND AMENDED COMPLAINT FOR DAMAGES**
Unlimited Civil Case

1. MEDICAL NEGLIGENCE
2. MEDICAL NEGLIGENCE
3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
4. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
5. VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

DEMAND FOR JURY TRIAL

Plaintiffs Jessika Valenzuela & Eduardo Ramirez complain of Defendants, and each of them, and allege as follows:

**INTRODUCTION**

1. Jessika Valenzuela & Eduardo Ramirez, collectively referred to herein as "Plaintiffs" at all times mentioned herein were individuals residing in the County of Ventura, in the State of California. Jessika Valenzuela & Eduardo Ramirez, Jr. were the parents of Gabriel Ray Jesse Ramirez, deceased ("Gabriel").

2. Defendant City of San Buenaventura (erroneously sued as City of Ventura, and hereinafter referred to as City of Ventura) is a public entity in the County of Ventura, State of California.

    2.1. Defendant CAMERON GOETTSCHE, previously sued as DOE 6, is an individual doing business in the City of Ventura as a police officer, and an employee of the City of Ventura.

2.2. Defendant MICHAEL HIBDON, previously sued as DOE 7, is an individual doing business in the City of Ventura as a police officer, and an employee of the City of Ventura.

2.3. Defendants GOOETTSCHE and HIBDON are collectively referred to herein as the "Ventura Police Department Officers."

3. Defendant American Medical Response Ambulance Service, Inc., (erroneously previously sued and served as American Medical Response) is a corporation doing business in the County of Ventura, State of California. American Medical Response Ambulance Service, Inc., is hereinafter referred to as American Medical Response.

4. Defendant Clinicas Del Camino Real, Inc. is a corporation doing business in the County of Ventura, State of California.

5. Defendant Dr. Shadi Khatib is an individual doing business in the County of Ventura, State of California.

6. Defendant Dr. Bilal Harake, M.D., FAAP, FACC is an individual doing business in the County of Ventura, State of California, working for Defendant UCLA Board of Regents and Does 1-5.

7. On information and belief, Defendant University of California UCLA, Board of Regents and Does 1-5 are an entity, form unknown, doing business in the State of California, Counties of Ventura, Los Angeles, and Santa Barbara.

8. Plaintiffs are ignorant of the names and capacities, whether corporate, associate, individual, partnership or otherwise, of Does 1 through 25 and sue them as Does 1 through 25, inclusive. When the true names, identities or capacities of said fictitiously designated defendants are ascertained, Plaintiffs will amend the Complaint to insert said true names, identities or capacities together with proper charging allegations. Each of the Doe defendants 1 through 25, inclusive were either the agents or employees of some other named defendants and acted within the scope of that agency or employment, or is responsible in some manner for the events and happenings herein referred to, thereby proximately

causing injuries and damages to Plaintiffs.

9. Defendants City of Ventura; Ventura Police Department Officers, American Medical Response; Clinicas Del Camino Real, Inc.; Dr. Shadi Khatib; Dr. Bilal Harake M.D., FAAP, FACC; University of California UCLA, Board of Regents, and Does 1-25, inclusive are collectively referred to herein as "Defendants."

10. All facts, negligent acts or omissions, events, and circumstances herein mentioned with reference to Defendants occurred in the County of Ventura, State of California.

11. On or about November 28, 2016, Plaintiffs presented to Defendants American Medical Response; Clinicas Del Camino Real, Inc.; Dr. Shadi Khatib; Dr. Bilal Harake M.D., FAAP, FACC, a 90-day notice of intent to commence legal action pursuant to California Civil Procedure Code Section 364, et. al.

12. On or about May 25, 2016, Plaintiffs submitted a Government Claims Form to the California Victim's Compensation and Government Claims Board regarding the facts and claims of this case, which was actually received by that board within 6 months of the date of the incident, in accordance with Cal. Gov. Code §915(e)(2), as it was in effect at the time.

13. On or about May 16, 2016 Plaintiffs submitted a Claim for Damage, Injury or Death to the Office of General Counsel – General Law Division of the US Department of Health and Human Services regarding the facts and claims in this case.

14. The original complaint in this matter was filed on February 23, 2017.

15. Plaintiffs' son, Gabriel was born alert and active, at full gestation, on September 29, 2015 at Community Memorial Hospital in Ventura, California.

16. Between his birth and November 23, 2015, Plaintiffs took their son, Gabriel, to several "well child" visits with Dr. Natalie A. Ferris, PA-C at Defendant Clinicas Del Camino Real.

17. Plaintiffs also took their son, Gabriel to see Defendant Bilal Harake, M.D., FAAP, FACC, a pediatric cardiologist for evaluation and treatment of a congenital heart defect, on October 19, 2015 and November 23, 2015.

18. On November 23, 2015, Plaintiffs took their son, Gabriel, to Defendant Clinicas Del Camino Real for a scheduled appointment for evaluation and treatment of persistent apparent eye and

respiratory infections. Gabriel had pink inflammation in his eye, with discharge, and a persistent heavy cough. Gabriel was not old enough for the Hib Vaccine and Clinical Del Camino Real and its doctors were informed that Gabriel had not yet been vaccinated.

19. On November 23, 2015 Plaintiff Valenzuela took Gabriel to Defendant Dr. Bilal Harake, M.D., FAAP, FAAC, of UCLA School of Medicine, for a scheduled visit, where he was seen by Dr. Harake. Dr. Harake evaluated Gabriel's heart condition and determined that it had greatly improved. Dr. Harake also evaluated Gabriel's respiratory infection. Dr. Harake was also informed that Gabriel had not been vaccinated.

20. As of November 23, 2015, Gabriel's brother, who lived in the house with Gabriel, had been, and continued to be, sick and had pink eye for some time. At the above November 23, 2015 visits, Plaintiffs informed Drs. Bilal, Clinicas Del Camino Real, Dr. Khatib, and Dr. Harake that Gabriel's brother, a toddler, was sick, and described his symptoms, (including pink eye). Plaintiffs informed them that they were especially worried about Gabriel's illness, particularly in light of his brother's illness, and especially because Gabriel had not been vaccinated.

21. None of the Defendants performed more than a cursory examination of Gabriel with regard to his eye discharge, apparent eye infection, or respiratory infection. None of the defendants performed a blood test, urine sample, swab of the pink eye excretions, mouth swab, or any other test to determine the cause or type of the infections.

22. At the November 23, 2015 visit to Clinicas Del Camino Real, Defendants Dr. Khatib and Clinicas Del Camino Real diagnosed Gabriel with an acute upper respiratory infection, and an acute bacterial conjunctivitis of the right eye.

23. At the November 23, 2015 visit to Defendant Dr. Harake, Dr. Harake told plaintiffs that baby Gabriel's heart looked "beautiful" and that the hole that he was born with had healed.

24. Following the November 23, 2015 visit to Defendant Dr. Harake, Dr. Harake wrote to Dr. Ferris, PA-C at Clinicas Del Camino Real, that Gabriel had no respiratory difficulty, which was not true, and recommended no restriction or antibiotic prophylaxis.

25. Neither Dr. Khatib nor Dr. Harake recommended antibiotics. Dr. Khatib recommended steam from a warm bath, and bulb suctioning for nasal secretions using saline in each nostril.

26. Plaintiffs followed the protocol recommended by Dr. Khatib.

27. Seven days later, on the morning of November 30, 2015, Plaintiffs awoke and were unable to rouse Gabriel. 911 was called and CPR was administered.

28. On November 30, 2015, the Ventura Police Department Officers, as agents of Defendant the City of Ventura, responded to the scene at 10550 Loma Vista Road, Ventura, California.

29. Defendant American Medical Response's paramedics also responded to the scene.

30. Defendant American Medical Response's paramedics took Gabriel from the scene to the hospital.

31. In a breach of protocol and without any justification, although acting in the course and scope of their duty and under color of law, Defendants Ventura Police Department Officers, and City of Ventura refused to allow either Plaintiff, who were Gabriel's parents, to travel with baby Gabriel to the hospital prior to his death, or follow behind the ambulance to be with Gabriel prior to his passing.

31.1 Alternatively, Defendants Ventura Police Department Officers were operating under an express policy by Defendant City of Ventura that requires police officers to detain innocent people without probable cause, and prevent them from accompanying injured or ill loved ones to the hospital when there is a serious injury or illness involved. Such a policy is an unconstitutional violation of civil liberties and rights, as applied to Plaintiffs.

31.2 In a breach of protocol and without any justification, although acting in the course and scope of their duty and under color of law, the paramedics working for American Medical Response refused to allow either Plaintiff, who were Gabriel's parents, to travel with baby Gabriel to the hospital prior to his death, or follow behind the ambulance to be with Gabriel prior to his passing.

32. Defendant City of Ventura, by and through the Ventura Police Department Officers at the scene, detained all witnesses present, including the plaintiffs, despite pleas of the relatives to allow someone to be with baby Gabriel.

33. Defendant City of Ventura, through the Ventura Police Department Officers, had no cause for detaining Plaintiffs. Plaintiffs offered to give statements to the Ventura Police Department Officers at the hospital.

34. Despite plaintiffs offering to give statements at the hospital and begging the Ventura

Police Department Officers to allow them to be with their newborn baby, they were denied the opportunity to do so.

35. The Ventura Police Department Officers released Plaintiffs 30 minutes after Defendant American Medical Response paramedics took Gabriel away in the ambulance. By the time that Plaintiffs were released being detained, and Plaintiffs arrived at the hospital, baby Gabriel was dead.

36. At all times, Plaintiffs agreed to cooperate with the investigation but asked permission for one of Gabriel's relatives to ride with Gabriel, who was only two months old, in the ambulance.

37. Baby Gabriel Ramirez (age 2 months), died alone at the hospital without his parents being allowed to be there with him, to hold his hand, to pray for him in his presence, or to encourage him to keep trying to breathe. There was no one there to love him when he died.

38. Despite the parents telling the Ventura Police Department Officers that the baby had been sick, the Ventura Police Department Officers egregiously insisted that the parents possibly suffocated the baby and made traumatic allegations against the plaintiffs without any basis.

39. Gabriel's cause of death was determined to be acute bronchopneumonia, sepsis and haemophilus influenzae.

40. Upon information and belief, Gabriel would not have died if he had been given antibiotics or if he had began other appropriate treatment on or around November 23, 2015.

41. Upon information and belief, Defendants American Medical Response's paramedics and the Ventura Police Department Officers both falsified records, including, among other things, their response time.

42. Upon information and belief, Defendant American Medical Response's paramedics provided inaccurate information to hospital personnel, claiming that the child's heart had failed due to him being born with two holes in his heart. The truth was that the holes in Gabriel's heart had healed and he had suffered complications from the bacterial infection he had on November 30, 2017.

**<u>FIRST CAUSE OF ACTION</u>**
**(For Medical Negligence Against**
**Clinicas Del Camino Real, Inc.; Dr. Shadi Al Khatib; Dr. Bilal Harake M.D. FAAP, FACC; University of California UCLA Board of Regents, and DOES 1-5 and 9-25, inclusive))**

43. Plaintiff realleges and incorporates herein by reference the allegations set forth in

Paragraphs 1 through 42, inclusive.

44. The defendants to this cause of action failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful pediatric doctors would use in the same or similar circumstances.

45. Other physicians in the same position as the above defendants to this cause of action would have ordered a blood draw, a urine sample, and/or a chest x-ray, and would have prescribed antibiotics.

46. By failing to use the level of skill, knowledge and care in the diagnosis and treatment of Gabriel that other reasonably careful pediatric doctors would use in the same or similar circumstances, the Defendants to this cause of action actually and proximately caused the death of Gabriel.

47. The conduct alleged herein fell below the appropriate standard of care for medical professionals performing such procedures, causing Plaintiffs extreme emotional distress, suffering and substantial injuries, including, without limitation, grief, anger, stress, anxiety, frustration, and sorrow, as well as economic damages in an amount to be proven at trial.

48. The Defendants to this cause of action held themselves out to the public and Plaintiffs as medical practitioners, experts and/or specialists in their field of medicine, possessing skill, competency, knowledge and expertise in their said field and in the performance of medical procedures. The Defendants to this cause of action represented to Plaintiffs that they would at all times exercise and use skill, prudence, learning, knowledge and expertise in the care and treatment of Plaintiff, in accordance with the standard of practice among competent, reputable, and prudent physicians and medical facilities and/or medical groups undertaking the diagnosis and treatment of patients such as Plaintiff. The Defendants to this cause of action breached the duty owed to Plaintiffs to provide competent care and medical services to their child, Gabriel.

49. Plaintiffs' injuries were exacerbated by the Defendants to this cause of action's failure to acknowledge the harm caused to Plaintiffs and refusing to provide medical records upon request.

50. Defendants to this cause of action knew, or should have known that their conduct as herein alleged, would reasonably expose persons, including Plaintiffs and Plaintiffs son Gabriel, to probable serious harm and resultant emotional distress and in fact did cause Plaintiff such serious harm

and emotional distress. As a proximate result of the Defendants to this cause of action's negligent conduct, Plaintiffs suffered and will continue to suffer extreme suffering, mental anguish, and emotional distress. These injuries were foreseeable and the direct and legal result of the acts, omissions and conduct of the Defendants to this cause of action.

**SECOND CAUSE OF ACTION**
**(Medical Negligence Against American Medical Response and Does 9-25, inclusive)**

51. Plaintiffs reallege and incorporates herein by reference the allegations set forth in Paragraphs 1 through 42, inclusive.

52. The Defendants to this cause of action had a duty to provide Gabriel a caregiver in the vehicle when transporting Gabriel to the hospital in order to provide comfort and solace to the infant and to improve ongoing assessment.

53. The Defendants to this cause of action had a duty to obtain and provide Gabriel's correct medical information and history to Community Memorial Hospital.

54. The Defendants to this cause of action breached that duty by refusing to allow a relative to accompany Gabriel in the ambulance, or even to follow immediately behind.

54. As a result of the breach of duty, the Defendants to this cause of action actually and proximately caused Gabriel's death.

55. The Defendants to this cause of action held themselves out to the public and Plaintiffs as medical practitioners, experts and/or specialists in their field of medicine, possessing skill, competency, knowledge and expertise in their said field and in the performance of medical procedures. The Defendants to this cause of action represented to Plaintiffs that they would at all times exercise and use skill, prudence, learning, knowledge and expertise in the care and treatment of Plaintiff, in accordance with the standard of practice among competent, reputable, and prudent physicians and medical facilities and/or medical groups undertaking the diagnosis and treatment of patients such as Plaintiff. The Defendants to this cause of action breached the duty owed to Plaintiffs to provide competent care and medical services to their child, Gabriel.

56. Plaintiffs' injuries were exacerbated by the Defendants to this cause of action's failure to acknowledge the harm caused to Plaintiffs and refusing to provide medical records upon request.

57. Defendants to this cause of action knew, or should have known that their conduct as herein alleged, would reasonably expose persons, including Plaintiffs and Plaintiffs son Gabriel, to probable serious harm and resultant emotional distress and in fact did cause Plaintiff such serious harm and emotional distress. As a proximate result of the Defendants to this cause of action's negligent conduct, Plaintiffs suffered and will continue to suffer extreme suffering, mental anguish, and emotional distress. These injuries were foreseeable and the direct and legal result of the acts, omissions and conduct of the Defendants to this cause of action.

## THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress by Extreme or Outrageous Conduct Against American Medical Response, and DOES 9-25, inclusive)**

58. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 42, and 51-57, inclusive.

59. Plaintiffs claim that American Medical Response, by and through its paramedics, caused Plaintiffs to suffer severe emotional distress.

60. The Defendants to this cause of action's conduct was outrageous and shocking beyond the standards in the community;

61. In drafting false reports regarding their response time, refusing to allow a family member to accompany Gabriel to the hospital in the ambulance, while the child was being transported to the hospital, the Defendants to this cause of action intended to cause Plaintiffs extreme emotional distress;

62. If the Defendants to this cause of action, by and through their agents, did not intend to cause Plaintiffs extreme emotional distress, they acted with reckless disregard of the probability that the Plaintiffs would suffer emotional extreme emotional distress.

63. Upon information and belief, the Defendants to this cause of action ratified the conduct of their agents.

64. Jessika Valenzuela and Eduardo Ramirez suffered severe emotional distress;

65. The Defendants to this cause of action's conduct was a substantial factor in causing Plaintiffs severe emotional distress.

**FOURTH CAUSE OF ACTION**
**(Violation of Civil Rights (42 U.S.C. § 1983), Against City Of Ventura)**

66. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 42, inclusive.

67. The Ventura Police Department Officers, and Does 8-25 detained Plaintiffs in violation their right to be secure in their person against unreasonable detention, searches and seizures as guaranteed to Plaintiffs under the California Constitution and under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

67.1 The Ventura Police Department Officers were acting under color of law.

67.2 On information and belief, the Ventura Police Department Officers were acting in accordance with the policy of the City of Ventura.

67.3 The City of Ventura's policy to have its detectives prevent parents from accompanying their non-responsive child in the ambulance, or to follow behind the ambulance to the hospital, so that the detectives may further question the parents against their will and without probable cause for any detention, violated PLAINTIFFS' civil liberties.

67.4 The above policy is either officially adopted or promulgated, or it is a custom or practice that is not written or formally adopted, but is a pervasive, long-standing practice that has the force of law, and which the policymakers at the City of Ventura are aware of or, through reasonable diligence, should be aware of.

67.5 In the alternative, the activity of the Ventura Police Department Officers as alleged herein is a direct result of the City of Ventura's objective deliberate indifference to the civil liberties of its residents, demonstrated by a failure to train, supervise, discipline or adequately screen its officers so that they do not falsely imprison people under the guise of investigation, while their children are being rushed to the hospital.

67.6 In the alternative, the activity of the Ventura Police Department Officers as alleged herein are a direct result of the decisions or acts of a final policymaker for the City of Ventura.

68. The actions of these Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause and in violation

of their rights under the California Constitution. There were no facts causing any of the defendants to suspect that some activity relating to crime had taken place, was occurring or about to occur, and that Plaintiffs were involved in that activity.

69. As a result of the conduct and policies alleged above, the Defendant the City of Ventura, is liable for Plaintiffs' damages.

70. Accordingly, Defendant the City of Ventura is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

**FIFTH CAUSE OF ACTION**
**(Violation of Civil Rights (42 U.S.C. § 1983), Against The Ventura Police Department Officers and Does 8-25, inclusive)**

71. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 42, inclusive.

72. The Ventura Police Department Officers, and Does 8-25 clearly communicated to Plaintiffs that they were not at liberty to ignore the Ventura Police Department Officers and Does 8-25, inclusive and go about their business. They in fact actually prevented PLAINTIFFS from accompanying baby Gabriel to the hospital in the ambulance, or even following behind, despite PLAINTIFFS' pleas. The Defendants to this cause of action held PLAINTIFFS for an unreasonable time and took unreasonable actions necessary to accomplish the investigation. They had no reason to believe that PLAINTIFFS posed any threat to anyone and had no reason to believe that PLAINTIFFS had, at any time posed a threat to anyone.

73. The Ventura Police Department Officers, and Does 8-25 detained Plaintiffs in violation their right to be secure in their person against unreasonable detention, searches and seizures as guaranteed to Plaintiffs under the California Constitution and under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

74. The actions of these Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause and in violation of their rights under the California Constitution. There were no facts causing any of the defendants to suspect that some activity relating to crime had taken place, was occurring or about to occur, and that

Plaintiffs were involved in that activity.

75. As a result of the conduct alleged above, the Ventura Police Department Officers, and Does 8-25 are liable for Plaintiffs' damages.

76. The conduct of Defendants to this cause of action, and each of them was unreasonable, willful, wanton, malicious and done with an evil motive and intent and/or a reckless disregard for the rights and safety of Plaintiffs.

77. Accordingly, Defendants Ventura Police Department Officers, and Does 8 through 25 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, and Defendants Ventura Police Department Officers and Does 8 through 25 are liable to Plaintiffs for punitive damages.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as to the respective causes of action claimed against them as follows:

1. General damages according to proof.
2. Medical, hospital, Funeral, Ambulance, and related expenses according to proof.
3. Special damages for services, support and care according to proof.
4. Prejudgment interest under Civil Code Sec. 3288.
5. Costs of suit incurred herein.
6. Exemplary Damages against the Ventura Police Department Officers.
7. Such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED: March 2, 2018

ADAMS & ASSOCIATES

By:____________________

Thomas G. Adams, attorney for Plaintiffs
Jessika Valenzuela & Eduardo Ramirez, Jr.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I, the undersigned, am employed in the County of Ventura, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business mailing address is 5425 Everglades St., Ventura, CA 93003.

On March 2, 2018, I served a true copy of the foregoing document described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action, in a sealed envelope addressed as follows:

| | | |
|---|---|---|
| Gregory Diaz<br>Andy Viets<br>Dirk Degenna<br>City of San Buenaventura<br>P.O. Box 99<br>Ventura, CA 93002-0099<br>Tel: 805-654-7818<br>Fax: (805) 641-0253<br>gdiaz@ci.ventura.ca.us<br>aviets@ci.ventura.ca.us<br>ddegenna@ci.ventura.ca.us<br>Attorneys for Defendant City of Ventura | Phillip Hack<br>James T. Biggs<br>PHILLIP HACK & ASSOCIATES<br>703 Palomar Airport Road,<br>Suite 280<br>Carlsbad, CA 92011<br>Tel: (858) 999-3055<br>Fax: (858) 524-5799<br>Attorneys for Defendant American Medical Response Ambulance Service, Inc., erroneously sued and served as American Medical Response | Barb Kilroy<br>Bertling & Clausen<br>15 W. Carrillo, Suite 100<br>Santa Barbara, CA 93101<br>Tel: (805) 892-2100<br>Attorney for Defendants Dr. Khatib and Clinicas Del Camino Real |
| Mark Connely<br>Hall, Hieatt & Connely, LLP<br>1319 Marsh St. 2nd Floor<br>San Luis Obispo, CA 93401<br>Tel: (805) 544-3830<br>Fax: (805)544-5329<br>connely@hhc-slo.com<br>Attorneys for Defendant Bilal Harake, M.D. | | |

[x] By U.S. MAIL: The documents were placed in sealed, addressed envelopes on the above date and deposited it with the US POSTAL SERVICE on that same day with postage thereon fully prepaid at the ordinary course of business.

[ ] BY OVERNIGHT DELIVERY. The documents were placed in sealed addressed envelopes on the above date and deposited, prepaid with FEDEX.

[ ] Via E-mail – I caused a true and correct .pdf electronic copy to be e-mailed to the addressees above on the above date.

[x] I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 2, 2018 in Oxnard, California.

Tom Adams

______________________________